### THE METON.

### JENSEN v. UNITED STATES et al.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1923.)

No. 2017.

Seamen ⊕—18—Seaman, whose discharge was revoked, not entitled to extra month's pay.

Where a seaman, discharged four days after he had shipped, immediately made an application under Rev. St. § 4527 (Comp. St. § 8318), giving a seaman wrongfully discharged before one month's wages are earned an extra month's wages, and on the same day of the discharge the captain revoked the discharge, but seaman refused to report back to the ship, seaman was not entitled to an extra month's pay.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel by Jean Jensen against the United States and the United States Shipping Board Emergency Fleet Corporation, owners and operators of the steamship Meton. From a decree dismissing the libel, libelant appeals. Affirmed.

Samuel E. Forwood and William H. Sands, both of Norfolk, Va. (Roper, Bowden, Cochran & Sands, of Norfolk, Va., on the brief), for appellant.

H. H. Rumble, Sp. Asst. U. S. Atty., of Norfolk Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. On the 3d or 4th of September, 1920, at the port of New York, the appellant Jensen shipped as able seaman on the steamship Meton for a voyage, not to exceed six months, to Mexico ports and return. Four days later, on arrival of the ship at Norfolk, he was discharged and went ashore, where he was paid by the ship's agent for the time he had been employed. He demanded in addition a month's wages, and made claim therefor before the United States Shipping Commissioner, under the provisions of section 4527 of the Revised Statutes (Comp. St. § 8318), which reads as follows:

"Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

The commissioner summoned the captain to his office and started an inquiry which was continued on board the ship, with the result that Jensen's discharge was revoked; the captain saying to him:

"You are not as bad a fellow as I thought you were. Go ashore and get your clothes and come back on the vessel."

But Jensen refused to return and insisted he was entitled to an extra month's pay. All this occurred on the same day and within a few hours after the discharge. A day or two later this libel was filed to recover:

"The penalty of one month's additional wages and the payment of two days' pay for one for each and every day said payment is withheld."

The trial court dismissed the libel on the ground that:

"The attempted discharge was not final, and was in fact recalled, and libelant offered reinstatement in his former employment, which he refused."

Jensen appeals.

We are of opinion that the learned judge was right in dismissing the libel. The testimony of Jensen himself shows that on the run to Norfolk he made complaint about the food, and about his treatment by the cook, which doubtless led the captain to believe that he was a trouble maker and otherwise undesirable as a member of the crew. His hasty discharge followed. When the matter was investigated by the commissioner and the facts more fully developed, the captain apparently concluded that he had been mistaken in regard to Jensen's conduct, or at least became convinced that his discharge was unjustified, and thereupon promptly offered to reinstate him. Taking all the circumstances into account, it seems clear that this offer operated to annul the discharge and render it wholly ineffective. If Jensen had accepted and returned to the ship, he would have lost nothing in time or pay, and his status would have been the same as before the misunderstanding arose. An order given in anger, though intended at the moment, may surely be held for naught, if quickly revoked upon the sober second thought. In such case the law allows a locus pœnitentiæ,

and prompt reversal of the hasty action restores the relations which previously existed. Babbell v. Gardner, Fed. Cas. No. 692; Hughes v. Southern Pac. Co. (D. C.) 274 Fed. 876. In short, Jensen cannot take advantage of a discharge which was not absolute and final, because so soon recalled.

Affirmed.